CHARLES A. LEWIS, by Next Friend, Respondent, v. JOHN C. JANNOUPOULO, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Instruction.**   An instruction permitting a recovery on a count, upon which the jury found for defendant, was without prejudice to him.

2. ———: EVIDENCE. An instruction, on a count for a wrong negligently done, awarding punitive damages, when there was no substantial evidence that the act complained of was wanton or malicious, was erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Frank M. Estes* for appellant.

An instruction not warranted by the evidence is erroneous. *Benjamin v. Street R'y*, 50 Mo. App. 602; *Cross v. R'y*, 56 *Id.* 664.

Punitive damages can not be recovered, unless it appears that the act complained of was unlawful, and was also wanton and malicious. *State, etc., v. Jungling*, 116 Mo. 162.

An instruction, asked by defendant, on the "accident theory," should have been granted. *Henry v. R'y*, 113 Mo. 537; *Guffey v. R'y*, 53 Mo. App. 462.

Damages recoverable in an ordinary action for damages on account of negligence must be limited to compensation for the pain suffered, time lost, and permanent injuries occasioned by the negligence complained of, to which may be added expenses necessarily incurred about being cured. *Jacquin v. Cable Co.*, 57 Mo. App. 336.

The court went beyond the law in its second instruction for exemplary damages. *O'Brien v. Loomis*, 43 Mo. App. 29.

*Dawson & Garvin* for respondent.

The jury was properly and fully instructed on the first count. *Conway v. Reed*, 66 Mo. 346; *Scott v. Shepard*, 2 W. Black, 892; *Petersen v. Hoffner*, 59 Ind. 130.

The court's instruction as to the second count is substantially correct, and covers the case, in this aspect, as well as the nature of it admits. *Wilburn v. R. R.*, 48 Mo. App. 229; *Sherer v. Rischert*, 23 *Id.* 276; *Beck v. Dowell*, 111 Mo. 509; *Callahan v. Ingram*, 122 *Id.* 371; *Waldhier v. R. R.*, 87 *Id.* 48.

As there was no evidence of contributory negligence on the part of plaintiff, defendant's second instruction

should have been refused. *Ewing v. Gass*, 41 Mo. 492; *Moore v. Hawk*, 57 Mo. App. 500.

The court properly refused defendant's third instruction on the "accident theory." 2 Greenlf. Ev. [Lewis Ed.], sec. 94; Webb's Pollock on Torts, 36; *Abbott v. Freeman*, 35 L. T. N. S. 783; *Guffey v. R. R.*, 53 Mo. App. 469; *Greer v. R. R.*, 80 Mo. 557.

Defendant's fourth instruction, making defendant's "intention of injuring anyone" the sole test of liability for the injury, could not properly have been given. *Sloan v. Speaker*, 63 Mo. App. 325; *Holmes v. R. R.*, 48 *Id.* 84.

The evidence in this case shows such a wanton and malicious act of negligence as would justify the award of punitive damages. *Harkins & Co. v. Rielly*, 17 B. Mon. (Ky.) 110; *Wills v. Noyes*, 12 Pick. 328. See, also, *Kennedy v. R. R.*, 36 Mo. 365; *Goetz v. Ambs*, 27 *Id.* 34; *Lamberson v. Long*, 66 Mo. App. 255; R. S. 1889, sec. 6594.

The verdict returned is the only one that could have been found consistent with the evidence, and the judgment should be affirmed. *Henry v. R. R.*, 113 Mo. 525; R. S. 1889, sec. 2303; *Fitzgerald v. Barker*, 96 Mo. 661; *McGowan v. Ore & Steel Co.*, 109 *Id.* 518; *Otto v. Bent*, 48 *Id.* 26; *Greer v. Bank*, 128 *Id.* 575; *Bushy v. Glenn*, 107 *Id.* 334.

BOND, J.—On the seventeenth of May, 1892, plaintiff and defendant were fellow passengers on a train coming into St. Louis. The plaintiff and three friends were amusing themselves with a game of cards in two seats arranged to face each other, and which were in the rear of the seat occupied by defendant and another person. The two latter were reading, having their backs turned to the card players. The train newsboy had furnished the card players with a doll baby, having a china head.

It appears that one of the card players placed the doll on defendant's shoulder, so as to tickle his ear; that defendant brushed it off once or twice, and finally caught it and threw it behind him, when its head struck plaintiff in the mouth, cutting his lip and breaking about one third of a front tooth. Nothing seems to have been said or done until about fifteen minutes thereafter when the train arrived at the station in St. Louis, when defendant observing a handkerchief to plaintiff's lip asked, "What is the matter Charley?" Plaintiff replied, "You cut my lip and hurt my tooth." Defendant said, "You ought not to fool with people; you get hurt worse some day." Plaintiff replied, "I am not blaming you at all." Defendant states that the above conversation occurred, and that he thereupon apologized to plaintiff and expressed himself to be sorry. Prior to the occurrence the parties appeared to have been social friends, plaintiff having been entertained at defendant's house. The evidence shows that pain was caused by the treatment of the exposed nerve of the broken tooth, and plaintiff expended about $55 in paying for dentistry and for a gold crown for the tooth. Suit was brought in 1893, the first count of the petition being for damages for assault and battery and the second for a wrong negligently committed. Judgment was prayed for $500. The answer was a general denial, and a plea of contributory negligence. The jury found against defendant on the second count and assessed the damages at $100. From a judgment thereon defendant appeals to this court.

The first error assigned is the giving of an instruction permitting a recovery upon the first count. As

INSTRUCTION. there was a verdict for defendant on this count, he was not prejudiced by the instruction.

It is next insisted that the court erred in giving the

instruction on the second count of the petition, wherein the jury were told that if they believed defendant "negligently" threw the doll into a group of passengers where plaintiff was sitting and wounded him, they might, in addition to compensatory damages, add "smart money or punitive damages," if they believed the throwing was wanton.

The rule as to the award of punitive damages is thus expressed by the supreme court: "To entitle the plaintiff to recover punitive damages he must show that the act complained of was unlawful, and further that it was a wanton or malicious act.

INSTRUCTIONS: evidence.

In other words, he must show an unlawful act coupled with an intentional wrong." *State v. Jungling*, 116 Mo. *loc. cit.* 165; *Berlin v. Thompson*, 61 Mo. App. 241. In the present case there was no substantial evidence that defendant hurled the doll with a specific intent to hit plaintiff, nor that he threw it from his shoulder with a wanton or malicious intent, although his act was negligent and wrongful. On the issue as to the assault upon plaintiff charged in the first count of the petition, the jury found for the defendant, thus necessarily negativing any intent on his part in throwing the doll behind to strike the plaintiff. This finding was in accordance with the evidence showing that the act was done under the provocation of the repeated annoyances to which defendant was subjected while absorbed in the life of "Napoleon," by the pranks of the card players at his back. There is no evidence that this feeling rose to the degree of malice or a wanton purpose of injuring. All of the parties were quite youthful,— the plaintiff being only twenty years of age,—were sportively inclined, and it does not appear that any animosity or ill will existed between any of them. The occurrence was unfortunate, but we find no substantial evidence that it was a wanton or malicious act. Indeed, the tes-

timony shows that the two parties to this suit were friends, and that the plaintiff and his sister had been entertained at defendant's home. Under this state of the record we are of the opinion that the instruction complained of was erroneous, in so far as it permitted an award of punitive damages, since there was no substantial evidence warranting the inclusion of that element in the recovery. The judgment will therefore be reversed and the cause remanded. It is so ordered. All concur.