## LAMPERT, Respondent, v. JUDGE & DOLPH DRUG COMPANY et al., Appellants.

### St. Louis Court of Appeals, June 5, 1906.

1. **DAMAGES: Infringing Trade-mark: Nominal Damages.** Where a legal right has been invaded nominal damages may be recovered without proving actual damages. Substituting other cigars for those manufactured by a cigar maker and selling them from a box labeled with his registered trade-mark was an invasion of his legal right and entitled him to recover nominal damages though no actual damage was proven.

2. ———: ———: **Punitive Damages.** Where a seller of cigars put cigars of an inferior quality in a box marked with the trade-mark of a cigar maker and sold them as his cigars, while the cigar maker was entitled to compensative damages for the wrong, he could not recover punitive damages.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED *si.*

*Frank K. Ryan* for appellants.

(1) The appellants' demurrer to the respondent's evidence should have been sustained. In cases of mere refilling or substitution like this one, the courts do not permit damages of any sort. As far as they will go is to issue a restraining order without costs. Barnett v. Leuchas (boxes of Pharaoh's serpents), 13 L. T. N. S. 495; Saxlehner v. Eisner & Mendelson Co., 88 Fed. 61; Saxlehner v. Sigel, Cooper & Co., 88 Fed. 61; Saxlehner v. Margret, 88 Fed. 61. (2) The appellants are entitled

to have the judgment herein set aside, because the respondent did not prove any actual compensatory damages, and, therefore, the court below erred in allowing the jury to find exemplary damages; for nominal damages will not support exemplary damages. Hoagland v. Forest Park Am. Co., 170 Mo. 335, 70 S. W. 878; Sutherland on Damages, sec. 406; Kuhn v. Railway, 74 Iowa 137, 141; Schwartz v. Davis, 90 Iowa 324; Stacy v. Portland, Pub. Co., 68 Me.—; Frees v. Triple, 70 Ill. 496; Meider v. Authis, 71 Ill. 241; Gaunsly v. Perkins, 30 Mich. 492; Maxwell v. Kennedy, 50 Wis. 654. (3) The gist of the respondent's action was deceit, and there was no evidence in the case tending to prove anything more than mere fraud, which is not a ground for exemplary damages, and in no case of deceit can exemplary damages be allowed without proof of actual damages, and for these reasons the court erred in instructing the jury that they might find exemplary damages. Eddleston v. Eddleston, 1 DeG. J. & S. 185, 189; Lane v. Wilcox, 55 Barb. 615, 617; Saxlehner Cases, 88 Fed. 61; Taylor v. Palmer, 20 Weekly Dig. 267; Oehloff v. Soloman, 73 App. Div. Rep. (1902) 329, 335; Cable v. Bowens, 21 Ohio Ct. Ct. 53, 59; Dickinson v. Atkins, 100 Ill. App. 401, 408; Martin v. Lestie, 93 Ill. App. 44. (4) Addington v. Cullinane, 28 Mo. App. 238, still remains the controlling authority in this State on the question of damages in a case at law for the infringement of a trade-mark. There can be no doubt but what it prohibits exemplary damages where there are no actual damages sustained by the plaintiff. (5) According to the law of this State, and the weight of authority in other jurisdictions, exemplary damages are prohibited, and only compensatory damages allowed in cases for the infringement of trade-marks. Such is the rule also in analogous actions for the infringement

of patents.    Addington v. Cullinane, 28 Mo. App. 238;
Ramson v. Mayor, 1 Fish. Pat. Cas., 252; Parker v.
Hulme, id. 44; Taylor v. Carpenter, 2 Wood & M. 1, Fed.
No. 13785; Hennessy v. Wilderming-Loewe Co., 103
Fed. 90; Wilbur v. Beecher, 2 Blatch. 200; Ball v. Wise,
2 Blatch. 200; Hasselden v. Ogden, 3 Fish Pat. Cas. 378;
Russell v. Place, 5 Fish Pat. Cas. 134; Seymour v. Mc-
Cormick, 16 How. 489.

*Jamison & Thomas* for respondent.

(1)   For the violation of every legal right, nominal
damages, at least, will be allowed.    The failure to per-
form a duty or contract is a legal wrong, independent of
actual damages done to the party for whose benefit the
performance of such duty or contract is due.    Fulkerson
v. Eads, 19 Mo. App. 620; 2 Sutherland on Damages,
13.    (2)   The law is now well settled that where a legal
right has been invaded, the plaintiff may recover nomi-
nal damages, although there may be no evidence of ac-
tual damages sustained.    13 Cyc. of Law and Procedure,
page 14, and cases cited note 11.    McCutchin & Ballerton,
1 Mo. 342; Brown v. Emerson, 18 Mo. 103; Sheedy v.
Union Press Brick Works, 25 Mo. App. 527; Cravens v.
Hunter, 87 Mo. App. 456; Conrad v. Brewing Co., 8
Mo. App. 277; Weber v. Squier, 51 Mo. App. 601; Barrie
v. Seidel, 30 Mo. App. 559.    (3)   Nominal actual dam-
ages will sustain exemplary or punitive damages.    Mills
v. Taylor, 85 Mo. App. 111; Ferguson v. Chronicle Pub.
Co., 72 Mo. App. 462; Favorite v. Cottrill, 62 Mo. App.
119; 12 Encyc. of Law (2 Ed.), page 30; Wilson v.
Vaughn, 23 Fed. 229; Press Pub. Co. v. Monroe, 73 Fed.
196; Ala., etc., Co. v. Sellers, 93 Ala. 9; Atlanta, etc.,
Co. v. Condor, 75 Ga. 51; Helfley v. Baker, 19 Kan. 9;
Prince v. Brooklyn Eagle, 19 Misc. Rep. (N. Y. Sup.)
186; Champion v. Vincent, 20 Texas, 811; Flannagan v.
Wormack, 54 Texas 45; Robinson v. Goings, 63 Miss.

500. (4) In all cases of torts, where a defendant acts maliciously, willfully, or with gross negligence, as to indicate a wanton disregard of the rights of others, punitive damages are allowed. 5 Encyc. of Law (1 Ed.), p. 22, and cases cited in note 1; Day & Woodworth, 13 Howard (U. S.) 363; Buckeley v. Knapp, 48 Mo. 152; Sedgwick on Measure of Damages, p. 520. (5) The weight of authority and the best logical reasoning is in favor of the proposition that punitive damages are allowable in actions at law for infringement of trade-marks and substitution of goods. Hopkins on Unfair Trade, pages 241 to 242; 4 Sutherland on Damages, note one to sec. 1202, page 3476; Warner v. Roehr, 29 Fed. 266; Hall on Trade-Marks (1903), sec. 324; Brown on Trade-Marks (2 Ed.), sec. 519-520; Day v. Woodworth, 54 U. S. (13 Howard) 363 to 371; Press Pub. Co., 73 Fed. 196 to 201; Fortheringham v. Express Co., 36 Fed. 252; to 253; Railway v. Humes, 115 U. S. 512; Barry v. Edwards, 116 U. S. 550; Railway v. Harris, 122 U. S. 597.

BLAND, P. J.—Plaintiff is a manufacturer of cigars, which he sells under the name "Flor de Lampert," and uses therewith a picture of himself as a trade-mark. The defendant, Judge & Dolph Drug Company, is a corporation and conducts a drug store, in the city of St. Louis, in which it has a cigar department. Defendant Taylor is an employee of the corporation and head clerk or salesman in the cigar department.

The substance of the petition is that plaintiff had been engaged in the business of manufacturing cigars under the above name, in the city of St. Louis, and selling them to the trade in said city for a period of about fifteen years before the commencement of this suit; that about February 26, 1902, plaintiff caused his trade-mark to be filed in the office of the United States Commissioner of Patents at Washington, D. C., and enjoyed the

exclusive use of said trade-mark; that to keep up the reputation of his cigar, he used the best quality of tobacco and expended large sums of money in advertising its superior qualities, and that his sales were large and his gains and profits proportionately large; that between March 11, 1902, and February 15, 1904, he sold and delivered to the defendant corporation, quantities of his cigars in boxes stamped with his trade-mark; that defendants, "well knowing the great reputation and fame of plaintiff's cigars for excellent quality, did wrongfully, willfully and wickedly substitute and place other cigars, which were a cheap and inferior quality of cigars, in the boxes bearing the label or trade-mark of the plaintiff, and sold to their customers and the public such inferior quality of cigars as and for the cigars manufactured by the plaintiff, thereby intending to and did injure the plaintiff, and did thereby intend to and did injure the reputation of the cigars so manufactured and sold by said plaintiff under said trade-mark, and thereby intending to and did cheat and defraud the public and their customers."

Actual damages were laid at five thousand dollars. A like amount was separately prayed for as punitive damages. The answer put in issue the substantial allegations of the petition. The jury found the issues for plaintiff and assessed his actual damages at one dollar and punitive damages at five hundred dollars.

Plaintiff's evidence tends to prove all the material allegations of his petition and shows that defendant Taylor, clerk in the cigar department of the Judge & Dolph Drug Store, sold a few cigars (less than twenty) from a box having on it plaintiff's trade-mark but which had not been manufactured by plaintiff and were inferior in quality to those made by him. No substantial damages were shown. Taylor, the clerk, admitted that on one occasion he placed about twenty cigars of another make in an empty box bearing plaintiff's trade-mark but

claimed they were superior in quality to those made by plaintiff. Taylor gave as an excuse for the substitution, that he had no light colored cigars of plaintiff's manufacture at hand and made the substitution to accommodate his customers until he could procure others from the general stock of the Drug Company then on hand. He testified that the act of substitution was his own and done on his own initiative and responsibility, without the knowledge or consent of any of the officers of the defendant corporation. The officers of the corporation all testified that they had not given their consent to the substitution and knew nothing whatever about it until after Taylor was arrested by a United States revenue officer, charged with a violation of the United States revenue law for making the substitution. Taylor was charged and arraigned by the United States authorities for a violation of the United States revenue law, pleaded guilty and was fined twenty-five dollars. Mr. Judge, one of the officers of the drug company, advanced the money to Taylor to pay his fine and the company retained him in its employ thereafter.

The sales of cigars by the drug company amounted to from eighty to ninety thousand per annum, and the evidence shows it handles about one hundred and fifty different brands.

1. The defendants insist that their instruction for a compulsory nonsuit (asked at the close of all the evidence) should have been given, on the ground that plaintiff was not entitled to nominal damages and no actual damages were proven by the evidence, and cited Barnett v. Leuchas, 13 L. T. N. S. 495, and Saxlehner v. Eisner & Mendelson Co., 88 Fed. Rep. 61-70, as supporting their contention. Both of these cases were in equity and both asked for restraining orders. In the Leuchas case the defendant had boxed and sold a small quantity of fireworks in boxes bearing Barnett's trade-mark. The court refused to take an accounting of the damages because

they were so insignificant. In the Federal case a substitution of a brand of bottled water had been made for plaintiff's brand. The court said the damages were too small to require an acounting, but in both cases injunctive relief was granted. These cases are not authority for the contention of defendants, that nominal damages cannot be recovered in this kind of a case. The law is well settled that where a legal right has been invaded, the plaintiff is entitled to nominal damages, though unable to prove actual damages. [Brown v. Emerson, 18 Mo. 103; Fulkerson v. Eads, 19 Mo. App. 620; Weber v. Squier, 51 Mo. App. 601.]

Sutherland says: "For every actionable injury there is an absolute right to damages; the law recognizes such an injury whenever a legal right is violated. . . . If there is no inquiry as to actual damages, or none appear on inquiry, the legal implication of damage remains. . . . Therefore, nominal damages are given." [1 Sutherland on Damages (3 Ed.), sec. 9.] Substituting other cigars for those manufactured by plaintiff and selling them from a box labeled with his registered trade-mark were invasions of his legal rights and, we think, clearly entitled him to nominal damages though no actual damages appeared.

2. It is strenuously contended by defendants that the case is not one for punitive damages. The cause of action is in the nature of trespass on the case for trade-mark infringement. As to whether or not punitive damages may be awarded in such a case, the authorities are conflicting. Hopkins, in his work on Unfair Trade, at page 242, says that to his mind, "the better rule is announced in the case of Warner v. Roehr (Federal case, No. 17189) in which the instruction of Judge BLODGETT to a jury said (in part): 'In cases of this character, where you are satisfied from the proof and from the admissions in the case that the fraud— the intention to defraud — is at the bottom of the matter, . . . the

jury are not confined to the exact monetary damages, but may give what are known as vindictive or exemplary damages." Browne on Trade-Marks (2 Ed.), p. 522, approvingly quotes the instruction of Judge BLODGETT in the Warner case. The following cases cited and relied on by defendants, Denver & R. G. Ry. v. Harris, 122 U. S. 597; Day v. Woodworth, 54 U. S. 363; Barry v. Edmunds, 116 U. S. 551, and Fotheringham v. Adams Express Co., 36 Fed. Rep. 252, in all of which it was held that exemplary damages might be allowed, were actions in trespass, accompanied, as the evidence tends to show, with malice or oppression, therefore, they are not authority for defendants' contention.

Sutherland, in his work on Damages (4 Ed.), sec. 1202, p. 3475, speaking of the damages a jury may give for infringement of a trade-mark, says: "The jury are to give the actual damages which the plaintiff has sustained — not vindictive nor speculative damages, but such as his proof has shown to their satisfaction he has actually sustained by the infringement."

Addington v. Cullinane, 28 Mo. App. 238, is a trade-mark infringement case in which no actual damages were proved. The trial court gave the following instruction on the measure of damages, to-wit:

"If they (the jury) find for the plaintiff, the measure of damages of the plaintiffs is the actual net profits made by the defendants on the goods sold by them prior to September 3, 1886, unless the jury further believe, from the evidence, that the act or acts of the defendants were willful and malicious; then the jury may find exemplary damages in addition to the above."

This court condemned the instruction, holding that the plaintiffs were entitled to only nominal damages.

The general rule in this State, in respect to allowing punitive damages, is that they may be awarded wherever there is a willful, malicious, wanton or reckless tort to the person or property of the plaintiff. [Ken-

nedy v. Railroad, 36 Mo. 351; Perkins v. Railroad, 55 Mo. 201; State v. Jungling, 116 Mo. 1. c. 165; Albers v. The Merchants' Exchange of St. Louis, 138 Mo. 140; Nelson v. Wallace, 48 Mo. App. 193; Lewis v. Jannoupoulo, 70 Mo. App. 325; Dorsey v. Railway, 83 Mo. App. 528; Wamsganz v. Wolff, 86 Mo. App. 205; Reamer v. Morrison Ex. Co., 93 Mo. App. 501, 67 S. W. 718] An infringement of a trade-mark is not such a tort, and we do not think presents facts that warrant the allowance of punitive damages; if it does, then there is no limit to the legal wrongs for which the wrongdoer may not be punished in a civil suit, though the wrong may be unaccompanied with malice, wantonness or circumstances of oppression.

Wherefore, it is considered that unless within ten days from the date of the filing of this opinion, the plaintiff remit the sum of five hundred dollars of his judgment, the same will be reversed and the cause remanded; however, if the remittitur be entered as herein indicated, the judgment for one dollar will be affirmed. All concur; *Goode, J.,* in result.