AUGUSTINO LO BUONO, ET AL., Respondents, v.
VIVIANO & BROS., MACARONI MANUFACTUR-
ING CO., Appellants.

St. Louis Court of Appeals.     Opinion Filed November 6, 1917.

1. **TRADE MARKS AND TRADE NAMES: Unfair Competition.** While as a general rule, a family name cannot be exclusively appropriated by any one as against others having the right to use it, one cannot mislead the public by similarity of names.

2. ———: ———. Where plaintiffs had long sold a specific olive oil under the name "G. Lo Buono," it was unfair competition for defendants, using the same stock cans, to use the name "S. Lo Buono" in vending its oil in competition with plaintiffs, since any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition.

3. ———: ———. In determining whether competition is unfair, a court of equity will scrutinize the object and purpose of defendant's acts complained of.

4. ———: ———: Injunction. Evidence examined, and held, that under all the circumstances a court of equity is warranted in concluding that the use of the name, "S. Lo Buono," by defendants was a violation of plaintiffs' rights and entitled plaintiffs to injunctive relief, restraining unfair competition.

5. ———: ———: ———: Measure of Damages. Evidence that plaintiffs, suing to restrain unfair competition, had theretofore made an average profit of $5 per case on their olive oil, and that defendants had sold unfairly 14 cases, does not alone warrant an award of $70 damages.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Glendy B. Arnold*, Judge.

AFFIRMED UPON CONDITION OF REMITTITUR.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.*, for appellant.

(1) Where a case is tried before the court without a jury, it is reversible error for the court to fail or refuse to rule on an objection made by a party to testimony either

at the time or afterwards. Asbury v. Hicklin, 181 Mo. 658, 670; Seafield v. Bohne, 169 Mo. 537, 546; Stone v. Fry, 191 Mo. App. 607. (2) The name of a place or locality cannot be exclusively appropriated as a trade mark or trade name, because such a term is generic or descriptive and any one who can do so truthfully is entitled to use it. American Wine Co. v. Kohlman, 158 Fed. 830; Apollo v. Perkins, 207 Fed. 530; Michigan Savings Bank v. Dime Savings Bank, 162 Mich. 297; C. A. Briggs Co. v. National Wafer Co., 215 Mass. 100; Rosenthal v. Blatt, 80 N. J. Eq. 90; Pocono Pines Assembly v. Miller, 229 Pa. St. 33; Kansas Milling Co v. Kansas Flour Miss Co., 89 Kan. 855. Where the article to which a geographical name is applied is the product of the place named, the name cannot even by the user be acquired as a trade name by one person to the exclusion of others who are owners of like products of the same place. Dyer Quarry Company v. Schuylkill Stone Co., 185 Fed. 557; Esselstyn v. Holmes, 42 Mont. 507; Blackwell v. Wright, 73 N. C. 310. (3) A personal name cannot be exclusively appropriated as a trade mark so as to deprive another person of the same name or a similar name from using his own name in connection with his business or goods. Donnell v. Herring Hall Marvin Safe Co., 208 U. S. 267; Hygeia Distilled Water Co. v. Hygeia Ice Co., 72 Conn. 646; William Rogers Mfg. Co. v. Simpson, 54 Conn. 527; Frazer v. Frazer Lubricator Co., 121 Ill. 147; Russia Cement Co. v. Le Page, 147 Mass. 206; Koehler v. Saunders, 122 N. Y. 65; White v. Trowbridge, 216 Pa. St. 11; Fish Bros. Wagon Co. v. La Belle Wagon Works, 82 Wis. 546. There is no legal relief for the necessary and incidental inconvenience of loss occasioned by such use to others. American Waltham Watch Co. v. U. S. Watch Co., 173 Mass. 85; Meneely v. Meneely, 62 N. Y. 427; Howe Scale Co. v. Wycoff, 198 U. S. 118; Higgins v. Higgins Soap Co., 144 N. Y. 462. Every one has the clear right to use either his own or another's name descriptively that the person named is the maker, proprietor or vendor of the goods or the business. Dr. A. Reed Cushion Shoe Co. v.

Frier, 162 Fed. 88; Edison v. Mills-Edisonia Co., 74 N. . Eq. 560; Baker v. Saunders, 80 Fed. 887; Duryea v. National Starch Mfg. Co., 79 Fed. 651; Russia Cement Co. v. Le Page, 147 Mass. 206; International Silver Co. v. Rogers, 71 N. J. Eq. 560. (4) In a suit for alleged unfair competition damages can not be recovered unless it be affirmatively shown that the plaintiff's customers have purchased the defendant's goods, to their deception, believing at the time of making the purchase that the defendant's goods were the goods of the plaintiff. Baker v. Baker, 115 Fed. 297; Coates v. Merrick Thread Co., 149 U. S. 562; Daviess County D. Co. v. Martinoni, 117 Fed. 186; Goodyear Co. v. Rubber Co., 128 U. S. 598; Heide v. Wallace, 129 Fed. 649; Hilson v. Foster, 80 Fed. 896; Lawrence v. Tennessee Co., 138 U. S. 537; Rowley v. Rowley, 193 Fed. 390; Walter Baker Co. v. Gray, 192 Fed. 192. And in equity the measure of damages is the profits made by the defendant from such sales. Baker v. Baker, 115 Fed. 297; Elgin Natl. Watch Co. v. Illinois Watch Co., 179 U. S. 674; Straus, Etc., v. Notaseme Hosiery Co., 240 U. S. 179; Howe Scale Co. v. Wycoff, 198 U. S. 118; American Washboard Co. v. Saginaw Mfg. Co., 103 Fed. 281.

*Joseph Wheless* for respondents.

ALLEN, J.—This is a suit in equity wherein plaintiffs seek injunctive relief against the defendant corporation, together with an accounting and damages, because of certain alleged wrongful acts of defendant charged to constitute unfair competition with plaintiffs in their business. Upon an order to show cause the court issued a temporary restraining order which remained in force until a full hearing was had upon the merits. The latter trial resulted in a decree for plaintiffs, to be hereafter noticed, from which defendant prosecutes the appeal before us.

The petition alleges that plaintiffs Augustino Lo Buono, Antonio Lo Buono and Salvatore Lo Buono, of the city of St. Louis, and Guiseppi Lo Buono, of the town

of Termini, Imerese, in Sicily, Italy, are copartners, doing business as August Lo Buono & Co., and engaged in business in the city of St. Louis as importers and wholesale dealers in "Italian produce" such as macaroni, olive oil, etc., and in Termini, Imerese, in the manufacture and exportation of olive oil; that defendant is a corporation with its principal place of business in the city of St. Louis, and there engaged in business of importing and selling Italian Produce, including olive oil.

And it is alleged that plaintiffs have been engaged in the business aforesaid for about fourteen years, have established a large business and a good reputation for their wares, and that the firm is the sole distributor in the United States of their olive oil, which is manufactured at Termini, Imerese, under the supervision of plaintiff Guiseppi Lo Buono, is "of the highest grade superfine olive oil," and the only olive oil produced in Termini which is imported into the city of St. Louis.

The petition further alleges that plaintiffs shipped their olive oil from Italy—"to the shipping address, S. Lo Buono, which was the name of plaintiff's father, who preceded them in the business in St. Louis, as it is also the name of one of the plaintiffs"—in tin cans of a special style, having thereon certain described labels, pictures and devices, with the name of the said place of production, and bearing the name of Guiseppi Lo Buono; which cans were manufactured specially for plaintiffs by a factory in Palermo, Sicily.

And it is alleged that defendant, for some time prior to the institution of the suit, with the intention of unfairly competing with plaintiffs and injuring them in their good name and business, fraudulently arranged with the manufacturer of an inferior grade of olive oil in Trabia, Sicily, to procure and did procure, cans identical with those of plaintiffs with the exception of the name "Guiseppi Lo Buono" appearing upon plaintiffs' cans; that in lieu of said name defendant directed the manufacturer to place upon the cans the name of "S. Lo Buono;" that in fact the manufacturer put defendant's name upon the cans, but upon their arrival in the city

of St. Louis defendant fraudulently caused its own name to be painted over and that of S. Lo Buono to be inserted in lieu thereof.

The petition in part is devoted to the alleged fraudulent conduct of defendant in importing inferior olive oil from Trabia and other places in Italy, other than Termini, and selling the same in cans falsely labeled "Termini, Imerese," as the place of production. But these allegations are inconsequential.

And it is averred that defendant sold large quantities of the alleged "misbranded and inferior" oil to plaintiffs' customers, and has large quantities thereof on hand; and that defendant, by its alleged wrongful acts, has caused many of plaintiff's customers to cease dealings with plaintiffs and to deal with defendant, and has thereby seriously injured plaintiffs in their business and reputation and deprived them of profits, etc.

The prayer is that defendant be enjoined "from offering for sale and from selling the cans of olive oil above described bearing the name of S. Lo Buono, and from the sale of the olive oil put up by the defendant and branded as the produce of Termini, Imerese," for an accounting, and for $5,000 damages.

The answer admits the corporate existence of defendant but denies generally the other allegations of the petition.

Further answering, the defendant says that in August, 1913, it purchased from the firm of S. Sunseri & Bros., doing business in Sicily and in Pittsburg, Pennsylvania, ninety-five cases of olive oil which was to be produced in the Termini district in Sicily and packed in cans bearing the name of S. Lo Buono; that the name of S. Lo Buono was the name of the grandfather of S. Sunseri & Bros., and during his lifetime was engaged in packing and exporting olive oil and created a certain good will for his merchandise packed under his name; that upon the death of said S. Lo Buono, S. Sunseri & Bros., under the laws of Sicily, became entitled to all his property rights, including the right to use his name; and that upon the sale of said cases of oil by S. Sunseri

& Bros. to defendant, the former had the right to label the package with the name of S. Lo Buono, and that plaintiffs "had no exclusive right to use their said name in connection with olive oil packed in tins."

The reply is a general denial of the new matter of the answer.

The evidence shows that for about fifteen years prior to the trial below plaintiffs had been engaged in selling olive oil in the city of St. Louis, produced by plaintiff Guiseppi Lo Buono, at Termini, Imerese, and had established a trade and good will in this business. The firm was not, however, the only distributor in said city of oil produced in Termini, Imerese, which, it appears, was reputed to be of excellent quality. Plaintiffs' business in the city of St. Louis was formerly conducted, in whole or in part, by plaintiffs' father, Salvatore Lo Buono, who died in 1906. Their oil was sold in cans manufactured and labeled at Palermo, Sicily, upon which, in addition to other things, appeared the name of the town, "Termini, Imerese," as being the place of production, and the name "Gppe. Lo Buono." But apart from the use of the name Guiseppi Lo Buono thereon, the cans thus used by plaintiffs, with the various designs and wording thereon, were of a "stock variety" commonly sold by the manufacturer to producers and packers of "Termini Oil."

Defendant corporation, which has likewise been in business in the city of St. Louis for many years, is engaged, among other things, in selling imported olive oil. In August, 1913, defendant contracted with the firm of S. Sunseri & Bros., of Pittsburg, Pennsylvania, whereby the latter agreed to sell and deliver to defendant "100 cases olive oil, Lo Buono imitation brand; label on cans bearing S. Lo Buono's name." Only ninety-five cases were shipped, however. When the shipment arrived in the city of St. Louis the cans containing the oil—being otherwise cans of the said "stock variety," made and labeled by the manufacturer at Palermo, mentioned above—bore the name "V. Viviano & Bros," and not "S. Lo Buono" as provided in the contract. De-

fendant thereupon proceeded to have the labels changed by obliterating its name and putting "S. Lo Buono" upon the cans. It appears that this change was made upon about one-half of the cans; and that of these defendant actually sold but fourteen cases, of twelve gallons each.

It appears that S. Sunseri & Bros. of Pittsburg, have a "branch" in Trabia, Sicily, and that the oil comprising this shipment was exported from the latter place packed in the cans procured from Palermo. It is said to have been produced in Termini, but by the error of a broker was delivered for export as having been produced at Trabia where it was shipped.

Evidence in defendant's behalf goes to show that upon discovering that the cans, comprising the shipment mentioned, bore defendant's name instead of "S. Lo Buono," defendant, for this reason, refused to receive the shipment and so notified S. Sunseri & Bros.; and that the latter firm thereupon authorized defendant to have the name upon the cans changed to "S. Lo Buono." According to defendant's evidence, one Salvatore Lo Buono, of Trabia, the grandfather of the Sunseri brothers, was a producer of and dealer in olive oil. It is said that he packed Termini oil, or oil "grown in the Termini territory," and established a favorable reputation for his product; and that he died in 1904, leaving as his only heirs the Sunseri brothers, the sons of a deceased daughter, who thus inherited his property rights under the laws of Sicily, including the right to use his name as a "brand" of olive oil. And there is testimony that this name had been thus used by S. Sunseri & Bros., when they so desired, in selling olive oil in this country. And defendant's evidence is that the oil produced in Trabia, a smaller municipality adjoining the town of Termini, Imerese, is of the same quality as that produced in Termini.

In plaintiffs' behalf there is evidence tending to show that the Salvatore Lo Buono last mentioned, the grandfather of the Sunseri brothers, was not in his lifetime engaged in the business of producing or selling

olive oil, but was a miller in Trabia, and later engaged in the manufacture of macaroni. And for plaintiffs there is testimony to the effect that the olive oil produced at Trabia is inferior to that of Termini.

Such further reference to the evidence as may appear necessary will be made in the course of the opinion.

By the decree entered below (as amended by the court of its own motion during the term) the court found that plaintiffs had built up and established a lucrative trade and business in olive oil "under and by use of the trade names of S. Lo Buono and Guiseppi Lo Buono," and found that the importation by defendant of the olive oil aforesaid and its sale in cans labeled as mentioned, was "unfair competition against these plaintiffs" and constituted "a fraud upon their rights in the trade name, in the olive oil business, 'S. Lo Buono and Guiseppi Lo Buono.'" And it was adjudged and decreed that defendant be perpetually enjoined "from manufacturing, importing, selling or disposing of, in the city of St. Louis, and State of Missouri, olive oil under the trade name of 'S. Lo Buono,' without the consent of these plaintiffs;" and that plaintiffs have and recover of the defendant the sum of $70 as damages.

I. Error is assigned to failure of the court to rule upon an objection made by defendant to certain testimony of a witness for plaintiff given by deposition. The objection was to but a part of the answer of the witness, brought out on cross-examination, and pertained to the quality of Trabia oil as compared to that of Termini. It is unnecessary to dwell upon the matter, for under the circumstances it is manifest that the court's failure to rule upon the objection could not have been prejudicial error.

II. It was conceded below that, aside from the use of the name "S. Lo Buono" thereon, plaintiffs could not complain of the use by defendant of the cans involved herein. As said, they were, with their devices and labels, "stock" cans, to which plaintiffs had no exclu-

197 M. A.—40

sive right. Neither is it contended that plaintiffs had any exclusive right to sell in the city of St. Louis olive oil from Termini, or so branded. And the quality of the olive oil sold by defendant (not shown to be inferior) is not a factor here in the case. We are concerned only with the question whether defendant should be enjoined from using the name "S. Lo Buono," as it was attempting to do.

It is earnestly contended by learned counsel for appellant that the evidence wholly fails to establish a right on the part of plaintiffs to any relief, and that the bill should have been dismissed. The argument advanced is predicated upon the theory that through Sunseri brothers defendant lawfully acquired the right to use the name "S. Lo Buono" in importing and selling olive oil. And it is urged that "a personal name cannot be exclusively appropriated as a trade mark so as to deprive another person of the same name or a similar name from using his own name in connection with his business or goods," citing: Donnell v. Herring Hall Marvin Safe Co., 208 U. S. 267; Hygeia Distilled Water Co. v. Hygeia Ice Co., 72 Conn. 646; Wm. Rogers Mfg. Co. v. Simpson, 54 Conn. 527; Frazer v. Frazer Lubricator Co., 121 Ill. 147, and other cases. A discussion of these cases would here serve no useful purpose. It may be conceded that the general rule is that a personal name —an ordinary family surname—cannot be exclusively appropriated by any one as against others having a right to use it. The rule proceeds upon the broad principle that every man has a right to use his name reasonably and honestly in any business calling. [See Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118.] What, in brief, we understand to be true doctrine upon the subject, approved by the Supreme Court of the United States in Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, l. c. 187, is stated as follows:

"Every one has the absolute right to use his own name honestly in his own business, even though he may thereby incidentally interfere with and injure the business of another having the same name. In such case

the inconvenience or loss to which those having a common right are subjected is *damnum absque injuria.* But although he may thus use his name, he cannot resort to any artifice or do any act calculated to mislead the public as to the identity of the business firm or establishment, or of the article produced by them, and thus produce injury to the other beyond that which results from the similarity of name.''

In the instant case the acts of defendant complained of do not arise from the use by it of its own name, or of the family name of those interested in the corporation or business. Defendant claims to have acquired through Sunseri & Bros. the right to use the name ''S. Lo Buono'' in importing and selling olive oil. But in no event could such transmitted right, if any, justify defendant in making use of this name, in a locality where plaintiffs and the defendant were competitors, with the object and purpose of deceiving intending purchasers and inducing them to believe that they are buying the goods of plaintiffs, if defendant did so. Injury thereby resulting to plaintiffs would not be produced merely by an unfortunate similarity of names, but by a device or artifice constituting unfair competition. ''Any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition.'' [38 Cyc., 756.] ''The essence of the wrong consists in the sale of the goods of one manufacturer or vendor for those of another.'' [Elgin Watch Co. v. Illinois Watch Case Co., 179 U. S. 665.]

In this view a court of equity will scrutinize the object and purpose which it may appear that defendant had in thus contracting with Sunseri & Bros. and putting the name ''S. Lo Buono'' upon these cans. Defendant's president and Salvatore Sunseri, defendant's witness, undertook to explain the use of the term, ''Lo Buono's Imitation Brand,'' in the contract between defendant and S. Sunseri & Bros. It is said, in substance, that the use of the word ''imitation'' was through the

lack of accurate knowledge of the English language. In this connection Sunseri said: "Mr. Viviano asked me to have a brand which was not exactly like the one I was handling, but different, so that he could push it and have the exclusive sale of that brand." Defendant's president said: "I wanted the name "S. Lo Bouno, but I wanted the can different, as everybody had a package like that and I wanted a can by myself." In fact the cans shipped, except for the name S. Lo Buono, were identical with those in common use. These explanations do not satisfactorily serve the purpose for which they were intended, but we pass the matter.

Defendant's president testified at the trial that he knew that plaintiffs had been in business for some four years; that he had never bought olive oil from S. Sunseri & Bros. prior to the occasion in question, though he had bought other things from them. When asked on cross-examination how he knew of the "S. Lo Buono brand," which he contracted for, not having previously bought oil from Sunseri & Bros., he said: "I saw it in Pittsburg." When asked who first spoke about putting this name on the cans he said that he did. A deposition of this witness, admitted in evidence, shows that he previously testified as follows: "We asked him (Salvatore Sunseri) if he had any Termini oil for sale and he said yes, and he says: 'I am going to label with the name of my grandfather, S. Lo Buono.'" In giving his deposition he was asked: "Why did you want the cans marked in the name of S. Lo Buono?" He answered: "That's himself. That's what he sold to us." Again he was asked: "Who is S. Lo Buono in Termini, Imerese?" He replied that he did not know; that he had never heard of S. Lo Buono.

Under the circumstances we think that a court of equity may with propriety find that the use of the name "S. Lo Buono" by defendant was with an ulterior purpose and object in view, calculated to injure plaintiffs in their trade and business, and constituted unfair competition with them within the meaning of the principles stated above. Some deference may be justly accorded

to the findings of the chancellor below, who had the wit-
nesses before him; but apart from this we see no reason
to disturb the judgment as to the injunctive feature of
the case.

It is true that plaintiffs used upon their cans the
name Guiseppi Lo Buono, or "Gppe. Lo Buono," and
not "S. Lo Buono." But the suit does not proceed as
for the protection of a technical trade mark, but on the
broader theory of unfair competition. And under all
of the circumstances a court of equity is warranted, we
think, in concluding that the aforesaid use of the name
"S. Lo Buono" by defendant was a violation of plain-
tiff's rights.

III. It was not shown that prior to the institu-
tion of the suit plaintiffs suffered any loss by reason of
the acts of defendant in question; nor is there any evi-
dence as to the profits, if any, made by defendant upon
the fourteen cases of oil sold by it. There is testimony
that plaintiffs' profits on like goods averaged from four
to five dollars per case, and upon this testimony, evi-
dently, the court awarded the $70 as damages; but this
evidence, we think, furnished no basis for such recovery.
As to the rule regarding the extent of recovery in cases
of this character generally—which need not be here
stated—see 38 Cyc., 909, 913. In this connection see,
also, Addington v. Cullinane, 28 Mo. App. 238; Peltz v.
Echiele, 62 Mo. 171; Lampert v. Drug Co., 119 Mo. App.
693, 100 S. W. 659, 238 Mo. 409, 141 S. W. 1095. In any
event, in the absence of proof of either loss by plaintiffs
or profits made by defendant, only nominal damages are
recoverable.

If plaintiffs therefore will remit all of the amount
allowed below as damages excepting the sum of one dol-
lar, (i. e. $69) the judgment will be affirmed; otherwise
it will be reversed and the cause remanded. *Reynolds,
P. J.*, and *Becker, J.*, concur.