### COOK PAINT & VARNISH CO. v. COOK CHEMICAL CO.

No. 4911.

United States District Court
W. D. Missouri, W. D.

Dec. 29, 1949.

Caldwell, Downing, Noble & Garrity by Robert B. Caldwell, Robert S. Eastin and M. D. Blackwell, Kansas City, Mo., attorneys for plaintiff.

Mosman, Rogers, Bell, Field & Gentry, by Clay C. Rogers; and C. Earl Hovey, Kansas City, Mo., attorneys for defendant.

REEVES, Chief Judge.

Counsel for the parties are in disagreement as to the limitation of the decree to be entered in the above case. The defendant through its counsel seeks to limit the decree, injunctive in its nature to the trade territory of the plaintiff. An examination of the authorities indicates that counsel for defendant is justified in the contention. In the case of United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, loc. cit. 97, 39 S.Ct. 48, 50, 63 L.Ed. 141, the court limited the effect of the decree to the trade territory of the one claiming infringement of a trade-mark as in this case. Note the language of the court:

"The asserted doctrine is based upon the fundamental error of supposing that a trade-mark *right is a right in gross or at large,* (emphasis mine) like a statutory copyright or a patent for an invention, to either of which, in truth, it has little or no analogy. * * * There is no such thing as property in a trade-mark except as a right appurtenant to an established *business or trade* (emphasis mine) in connection with which the mark is employed. The law of trade-marks is but a part of the broader law of unfair competition; the right to a particular mark *grows out of its use,* (emphasis mine) not its mere adoption; its function is simply to designate the goods as the product of a particular trader and to protect his good will against the sale of another's product as his; *and it is not the subject of property* (emphasis mine) except in connection with an *existing business.* (Emphasis mine.) * * *

"The owner of a trade-mark may not, like the proprietor of a patented invention, make a negative and merely prohibitive use of it as a monopoly."

The court further said that:

"A trade-mark confers no monopoly whatever in a proper sense, but is merely a convenient means for facilitating the protection of one's good-will in trade by placing a distinguishing mark or symbol—a commercial signature—upon the merchandise or the package in which it is sold."

The court emphasized that it was never intended in the trade-mark laws to "project the right of protection in advance of the extension of the trade, *or operate as a claim of territorial rights over areas into which it thereafter may be deemed desirable to extend the trade."* (Emphasis mine.)

866

In the case of Griesedieck Western Brewery Co. v. Peoples Brewing Co., 149 F.2d 1019, loc. cit. 1022, the Court of Appeals, this circuit, on the same subject said:

"The right to the exclusive use of a trade-mark or trade-name is limited to the territory or market wherein it has become established by use in such territory."

The recital of the petition or complaint, as well as the evidence, is that plaintiff's business or trade territory covers all or parts of the States of Missouri, Kansas, Nebraska, Iowa, Minnesota, Michigan, Illinois, Oklahoma, Arkansas, and Texas.

Under the authorities above mentioned, it would not be proper, therefore, to render a decree and to enjoin the defendant from carrying on its business or from advertising as it may desire in territory not now used by the plaintiff. Accordingly, the injunctive decree will be limited to the above named states.