**COOK CHEMICAL CO. v. COOK PAINT & VARNISH CO.**

**No. 14120.**

United States Court of Appeals
Eighth Circuit.

Dec. 5, 1950.

Clay C. Rogers, Kansas City Mo. (James W. Benjamin and C. Earl Hovey, Kansas City, Mo., were with him on the brief), for appellant.

R. B. Caldwell, Kansas City, Mo. (Robert S. Eastin and M. D. Blackwell, Kansas City, Mo., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

Cook Paint and Varnish Company filed its complaint in this action in the federal court in Missouri on May 13, 1948, and federal jurisdiction was established by averment and proof of diversity of citizenship and sufficient amount involved. Plaintiff alleged that defendant Cook Chemical Company had infringed plaintiff's trade names, "Cook" and "Cook's" and "Cook's Paint", and threatened to continue and expand such infringement to the irreparable damage of the plaintiff, and injunction was prayed for. Issues were joined and tried and the court made findings of fact and declared conclusion of law in favor of the plaintiff and against defendant as follows:

"1. The plaintiff and its predecessors through the long and continued and extensive use of the name 'Cook' and 'Cook's Paint' in its trade area had acquired rights in the use of such names as trade-names.

"2. The defendant never acquired a right to the trade name 'Cook-Kill' 'Cook's Cert-O-Cide' 'Cook's Weed Killer', either by the use of said names by itself, nor did it acquire such rights from its predecessor, the partnership formed with Oscar T. Cook as one of the partners in 1940, nor in the use of such names by Oscar T. Cook through the period of his business activity.

"3. The use of the name 'Cook-Kill', 'Cook's Cert-O-Cide', 'Cook's Weed Killer' by the defendant had the effect to confuse defendant's product with the trade-name of the plaintiff.

"I state the following Conclusion of Law:

"In the use of the words 'Cook-Kill', 'Cook's Cert-O-Cide' and 'Cook's Weed Killer', the defendant infringed the trade-name of 'Cook' and 'Cook's Paint' used by the plaintiff, and the plaintiff is entitled to injunctive relief."

Judgment was entered on December 29, 1949, by the terms of which the defendant was enjoined as follows:

"(a) Selling, offering for sale, labeling or advertising insecticides or weed killers or both under the names of 'Cook-Kill', 'Cook's Weed Killer' or 'Cook's Cert-O-Cide', or any of them.

"(b) Selling, offering for sale, labeling or advertising insecticides or weed killers or both under any trade name featuring the name 'Cook' or 'Cook's'.

"(c) Selling, offering for sale, labeling or advertising any other chemical product for household use put up in packages for sale in small quantities to consumers in which the name 'Cook' or 'Cook's' appears as part of the name of the product, without clearly identifying and distinguishing the same as the product of the defendant and not that of the plaintiff.

"(d) Using the name 'Cook' or 'Cook's' in selling, offering for sale, labeling or advertising any other chemical product for household use without clearly identifying and distinguishing the same as the product of the defendant and not of the plaintiff.

"(e) The effect of this injunctive decree is limited to the trade area or territory of the plaintiff, which, according to the pleadings and evidence, is limited to the States of Missouri, Kansas, Nebraska, Iowa, Minnesota, Michigan, Illinois, Oklahoma, Arkansas and Texas."

The opinion of the District court on the merits of the case and its supplemental opinion on the scope of the injunction are published at 85 F.Supp. 257 and 87 F. Supp. 865.

This appeal is taken by the Cook Chemical Company. It contends that the findings of fact of the District court are clearly erroneous because they are contrary to the clear weight of the evidence and were arrived at by the application of the wrong principle of law in that (1) there was no sufficient proof that the plaintiff had acquired rights in the use of the names "Cook" and "Cook's" and "Cook's Paint"

as trade names in its trade area; (2) the name "Cook" is the true surname of the president and founder of Cook Chemical Company and he and the Company have the right to honestly use the name; that there was no proof of dishonest use thereof; (3) that defendant's goods were dissimilar from any produced or sold by plaintiff; (4) that there was no proof of confusion; (5) that the injunction as issued is too broad.

## Opinion.

■ (1) Examination of the record has convinced that the plaintiff's evidence in support of the court's finding that "the plaintiff and its predecessors through the long and continued and extensive use of the name 'Cook' and 'Cook's Paint' in its trade area had acquired rights in the use of such names as trade names" was amply sufficient and convincing.

■ (2) As shown in its opinion on the merits the trial court recognized Oscar T. Cook's connection with the Cook Chemical Company, past and present, and recognized the right of Oscar T. Cook to use his own name in his business. But it appeared to the court that the right of Oscar T. Cook to use his own name in his business did not include the right in the defendant corporation to use the name in such a way as to lead the public to think that the plaintiff was the source of the defendant's products. Though the court did not directly find that defendant "dishonestly" used "Cook" and "Cook's" in connection with sales of its products, it found that defendant's use of the name had the effect to confuse its product with plaintiff's trade name and to induce belief in plaintiff's trade area that defendant's goods emanated from the plaintiff. The finding is in accord with the evidence. It shows that after defendant engaged the services of the advertising agent who had worked nearly a quarter of a century for plaintiff, defendant immediately began and thereafter continued to put out advertising in many forms throughout plaintiff's trade area which was adapted to and tended to identify plaintiff's trade name with defendant's products and to transfer plaintiff's good will inhering in its trade name to the defendant.

■ The trial court rightly considered that that conduct of defendant should be enjoined. The contention that one whose patronymic happens to be the same as an established trade name belonging to another may make such use thereof as to appropriate the other's established good will, finds no support in the law of Missouri or in federal decisions. A family name may be developed into a trade name and when that has been done as in this case by many years operation of a certain business in a certain area under that name and the expenditure of millions of dollars for advertisement of the name in connection with the business, the owner of the resultant good will is entitled to its protection in the courts. Persons who bear the family name as well as others who do not may be enjoined from infringing or misusing the trade name. Katz Drug Co. v. Katz, Mo.App., 217 S.W.2d 286; Lo Buono v. V. Viviano & Bros. Macaroni Mfg. Co., 197 Mo.App. 618, 198 S.W. 498; Thomas Patrick, Inc. v. KWK Investment Co., 357 Mo. 100, 206 S.W.2d 359; Donnell v. Herring-Hall-Marvin Safe Co., 208 U.S. 267, 28 S.Ct. 288, 52 L.Ed. 481; Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 208 U.S. 554, 28 S.Ct. 350, 52 L.Ed. 616; L. E. Waterman & Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142; Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046; Neuhoff, Inc. v. Neuhoff Packing Co., 6 Cir., 167 F.2d 459; De Nobili Cigar Co. v. Nobile Cigar Co., 1 Cir., 56 F.2d 324; Vick Medicine Co. v. Vick Chemical Co., 5 Cir., 11 F.2d 33; Walter Baker & Co. v. Sanders, 2 Cir., 80 F. 889; Garrett v. T. H. Garrett & Co., 6 Cir., 78 F. 472; LePage Co. v. Russia Cement Co., 1 Cir., 51 F. 941. See also cases cited by the District court.

■■ (3) The evidence was that plaintiff and defendant were not in competition with each other in respect to the insecticides for family use which defendant manufactures and sells and it is contended here as it was in the trial court that there was

no infringement in the absence of such competition. But the contention is without merit. The infringement here is of the trade name and simulation of goods is not in question. The proof is convincing here that the trade names "Cook", "Cook's", "Cook's Paint" have acquired a secondary meaning in the trade area, connoting plaintiff's handling of the goods so identified and the action is directed against defendant's attempts to identify the plaintiff's trade name with defendant's goods. It is settled for this court in Hanson v. Triangle Publications, Inc., 8 Cir., 163 F.2d 74, that the fact that the misuse of the trade name of another is in respect to noncompetitive merchandise presents no defense against the issuance of an injunction. To the same effect, Triangle Publications, Inc. v. Rohrlich, 2 Cir., 167 F.2d 969.

■ (4) Appellant's contention that there was no proof of confusion in this case is contrary to the record. The proof was convincing not only that the course of packaging, labeling, and advertising adopted and pursued by the Cook Chemical Company was likely to induce belief that Cook Paint and Varnish Company produced or handled the goods of defendant, but that many people were confused.

Even dealers who may be considered more informed buyers were confused and wrote letters of inquiry about, or orders to, plaintiff for defendant's products. There were numerous items of correspondence showing that people went to plaintiff to inquire about or buy Cook Chemical Company products and they wrote complaints to plaintiff about such products. As plaintiff was required to show only probability or likelihood of confusion, Hanson v. Triangle Publications, Inc., supra, it limited its showing of instances of actual confusion to the Kansas City factory without showing the volume at its 104 branches and other places. The type of communications sufficiently established the fact of actual confusion alleged in the complaint.

■ (5) As to the scope of the injunction issued. It clearly appears that the injunction was carefully limited to go no further than to accord plaintiff effective relief to which it was entitled. Pursuant to its supplemental opinion, the court limited the area within which the injunction should operate to the area where plaintiff's trade names had been long established and had acquired secondary meaning. It did not restrict the use of defendant's corporate name, Cook Chemical Company, nor the manufacture and sale by that corporation of its products. It directed its order solely against the offending conduct established by the evidence, the continuous attempt to assimilate the plaintiff's trade name with the defendant's products. In so limiting the order every right which the law accords Mr. Oscar Cook to use his own name in his business is fully preserved to him. The plaintiff is accorded only the protection to which it is entitled of the trade name in which it has very great investment. If any doubt can be argued to exist as to the scope or meaning of the prohibition regarding insecticides or weed killers in paragraph "b" of the trial court's judgment, that doubt can be disposed of by modifying this provision "b" in the judgment to read as follows: "(b) Selling, offering for sale, labeling or advertising insecticides or weed killers or both under any trade name featuring the name 'Cook' or 'Cook's', or otherwise using either of such names in any way as part of the name of the product without clearly identifying and distinguishing the same as the product of the defendant and not that of the plaintiff." This modification will be made.

No error is found in the proceedings or judgment and the judgment, with the modification made in expression as set out above, is affirmed at appellant's costs.