**CUNETTO HOUSE OF PASTA, a Missouri corporation and Vincent J. Cunetto, Plaintiffs/Respondents,**

v.

**Jerry TUMA, Leroy Strubberg, James Cunetto and Cunetto Restaurant, Inc., Defendants/Appellants.**

No. 48530.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied May 29, 1985.

Richard B. Dempsey, Briegel, Dempsey, Baylard & Patane, Union, for defendants/appellants.

Walter L. Brady, Jr., Lee, O'Hanlon & Brady, St. Louis, for plaintiffs/respondents.

CRIST, Judge.

Defendants appeal from the issuance of an injunction permanently barring them from using the name "Cunetto" and the names of two food preparations in the operation of a restaurant called "J. Cunetto's", located in West St. Louis County. We affirm in part and reverse in part.

Plaintiff Cunetto House of Pasta is a highly successful Italian Restaurant owned by plaintiff Vincent J. Cunetto (Vince). Defendant James Cunetto (James), Vince's nephew, had worked for Vince in various capacities, including cook, in the restaurant. He was encouraged by Vince to learn the various recipes used in the restaurant. A few years later, James opened a restaurant in Union, Missouri, about fifty miles away from St. Louis, called "M.J. Cunetto's". This restaurant, featuring a format and menu strikingly similar to that of "Cunetto's," quickly failed. Strubberg blamed the failure of "M.J. Cunetto's" on its location in Union and James's lack of business and management ability.

James spoke with defendants Strubberg and Tuma, later to be the other two owners of J. Cunetto's. Strubberg and Tuma agreed with James to open a restaurant in West St. Louis County, to be called "J. Cunetto's". The new restaurant also featured a format and menu strikingly similar to "Cunetto's". The restaurant is operated by a corporation. Strubberg, Tuma, and James, who was chosen as president because he would be on the premises more than the others, each own 100 shares of stock, purchased at $10 per share. Each borrowed the money for his stock from Tuma Investments, a corporation owned by Strubberg and Tuma. Through guaranties of loans and accounts payable and further advancements of personal monies, Strubberg and Tuma have invested over $500,-000. James invested little or nothing.

Just a few days after "J. Cunetto's" opened Vince commenced the present action seeking injunctive relief and damages. The application for a temporary injunction was taken with the application for a permanent injunction. The court found the name "Cunetto" was protectable as a tradename, and enjoined defendants from using the tradename "Cunetto's" in St. Louis City or County, or using the name Cunetto or Cunetto's to identify their restaurant, and for $750.00 in damages. The court also found protectable trademarks in the name of two food preparations and enjoined defendants' use of the names as well. Defendants appeal the grant of injunctive relief.

The status of "Cunetto's" as a trade name is not denied. Defendants concede Vince proved the necessary secondary meaning to the name. *Better Business Bureau, Etc. v. Chappell*, 307 S.W.2d 510, 515 (Mo.App.1957); *Shrout v. Tines*, 260 S.W.2d 782, 788 (Mo.App.1953). It is also conceded actual confusion was shown in several calls made to plaintiff's restaurant for reservations at defendants' restaurant. The challenge is based on the ground James Cunetto has the right to operate his business under his own name.

■ The right to operate under one's own name is not unlimited. *See Osborn Paper Co. v. Carrold Osborn Paper Co.*, 234 S.W.2d 614, 616 (Mo.1950). When a family name acquires a secondary naming, as it has in the instant case, the first user is entitled to protection. A family name cannot be used to appropriate the business of another. *Id.* at 616–617. The use here has caused confusion with the public as to whether "J. Cunetto's" is related to "Cunetto's". Such use, even of surnames, can be enjoined, and there was no error in the trial court doing so. *Cook Chemical Co. v. Cook Paint and Varnish Co.*, 185 F.2d 365, 367 (8th Cir.1950); *MacSweeney Enterprises, Inc. v. Tarantino*, 235 Cal. App.2d 549, 45 Cal.Reptr. 546 (1965).

■ However, the court did err in holding the food preparation names were protectable as trademarks. Vince claimed protection for "Margheritine con Covolfiore"

and "Petto di Pollo Alla Dorfo" as trademarks. Assuming a restaurant can establish the name of a food preparation as a trademark by using that name on its menu *but see e.g.* 74 Am Jur 2d Trademarks and Tradenames, § 7 (1974), neither of these names qualify for the protection. "Margheritine con Covolfiore," claimed by Vince to be a misspelling of "Margheritina", has been used without interference from Vince by another St. Louis restaurant. Vince did not show a protectable interest. *Cf. Bass Buster Inc. v. Gapen Mfg. Co., Inc.*, 420 F.Supp. 144, 155, 159 (W.D.Mo.1976). The record was replete with reasons for choosing these names, but not with the dates when they where chosen and used, and therefore priority was not established. Finally, there was no showing defendants' use of the names would confuse the public concerning Vince's connection with defendants' operation. Assuming they were trademarks, no infringement was shown. *Anheuser-Busch, Inc. v. Stroh Brewery Co.*, 587 F.Supp. 330, 338 (E.D.Mo.1984).

■ Defendants raise two other points. As defendants did not file the exhibit they rely upon with the court, we cannot determine if their allegation concerning the status of plaintiff's corporate charter, supposedly shown by this exhibit, is valid. The point is denied. Their assertion plaintiffs were guilty of laches is meritless, as suit was filed the same month defendants began operations. *See Missouri Fed. of Blind v. National Fed. of Blind, Etc.*, 505 S.W.2d 1, 8–10 (Mo.App.1973).

The judgment is reversed insofar as it enjoins defendants' use of the food preparation names. In all other respects, the judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.