(23 Misc. Rep. 577.)

LAVANBURG v. PFEIFFER.

(Supreme Court, Special Term, New York County. May, 1898.)

1. TRADE-NAMES—INJUNCTION.
    Injunction will not be granted, at the suit of a dealer in dry colors, who claims to own the trade-names "Oriole Vermilion" and "Peerless Green," to restrain another dealer from using the trade-names "O. Vermilion" and "P. Green."

2. SAME—EVIDENCE.
    Where affidavits are filed in support of an application for a preliminary injunction to restrain a dealer from infringing on plaintiff's right to a

trade-name, alleging that defendant has sold goods in a few instances under a verbal description which included the names claimed by plaintiff, and defendant files counter affidavits denying those allegations, a preliminary injunction will not be granted.

Action ,by Fred L. Lavanburg against Isaac Pfeiffer to restrain defendant from selling dry colors under the trade-names of "Oriole Vermilion" and "Peerless Green," of which plaintiff claimed to be the owner, and from using the initials "O" and "P." Motion for preliminary injunction. Denied.

Spiegelberg & Wise, for plaintiff.
A. L. & S. F. Jacobs, for defendant.

COHEN, J. The plaintiff and the defendant were formerly co-partners engaged in the business of manufacturing and selling dry colors. The co-partnership was dissolved December 24, 1896, and the plaintiff bought the assets of the business, including the trade names and marks; and since that time the plaintiff alone, and the defendant, either alone or associated with others, have continued in the same kind of business. Among the trade-names of the old firm were those of "Oriole Vermilion" and "Peerless Green," which names the plaintiff now seeks to enjoin the defendant from using. It nowhere appears from the affidavits that on any manufactured article the defendant had used either of those names. It does appear that he has used "O. Vermilion" and "P. Green"; but, even assuming the plaintiff's right to both adjectives, he would not be warranted in preventing the defendant from using the initials instead of the name, as such a use is not calculated to deceive the public, or at least so much of it as use their eyes and ears. It does appear by affidavits, which are flatly contradicted, that products made by the defendant were sold in small quantities, and in three or four instances, under the verbal description of "Oriole" or "Peerless." Under such circumstances, it does not seem to me that the plaintiff has made out a case for a preliminary injunction. As the defendant has expressed his willingness to accept short notice of trial for the March term, the plaintiff can have a speedy trial, where witnesses will be examined and cross-examined, and then obtain injunctive relief if he then be found entitled thereto.

Motion denied.