CHARLES E. HIRES CO. v. XEPAPAS.

(Circuit Court, D. South Carolina. July 1, 1910.)

TRADE-MARKS AND TRADE-NAMES (§ 61*)—INFRINGEMENT.

Complainant manufactured two preparations for making root beer. One was in syrup form, to be prepared as a beverage by the addition of carbonated water, and the other was an extract intended to be prepared as a beverage by the addition of sugar and water and fermented with yeast. Complainant had extensively advertised its fountain syrup preparation, and the beverage prepared therefrom was called by consumers "Hires" or "Hires Root Beer." Defendant purchased the extract, and made a beverage therefrom by the addition of simple syrup and carbonated water, without following the directions to prepare it by fermentation with yeast, and sold the beverage as "Hires" or "Hires Root Beer." *Held,* that defendant's action constituted a violation of complainant's trade-name rights in the name "Hires."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 61.*]

In Equity. Action by the Charles E. Hires Company against Nicholas John Xepapas. Judgment for complainant.

Oliver Mitchell, for complainant.
Wm. H. Townsend, for defendant.

BRAWLEY, District Judge. The complainant is a manufacturer of two preparations used for making root beer. One is prepared in syrup form, ready to be prepared as a beverage by the simple addition of carbonated water. The other preparation is an extract intended to be prepared as a beverage by the addition of sugar and water and fermented with yeast. The complainant has extensively advertised its fountain syrup preparation, and the beverage prepared therefrom is called for by the ultimate consumers as "Hires" or "Hires Root Beer." The defendant purchases the extract made by the complainant, and makes a beverage therefrom by the addition of simple syrup and carbonated water, without following out the directions of the complainant to prepare it by fermentation with yeast.

Both articles bear the complainant's trade-mark and trade-name Hires; it being indorsed upon the package containing the extract that it is the same article formerly put up under the name of "Hires Improved Root Beer." It appears from the testimony in this case that the defendant purchased the extract above mentioned, and prepared a beverage therefrom by the addition of a sugar syrup and carbonated water, which he sold in answer to calls at his fountain for "Hires" or "Hires Root Beer."

While a purchaser of "Hires Root Beer," or household extract, undoubtedly would have the right to resell the extract as an extract, under the trade-mark it bears, there seems no reason why he should use the complainant's trade-name "Hires" or "Hires Root Beer," in selling the beverage which he (the defendant) makes from this extract, since the beverage is an article entirely distinct from the extract which is used in making it—a beverage made by the defendant, and not by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the complainant. No authority can be implied for applying the complainant's trade mark or name in selling the beverage from the fact that the complainant's root beer flavoring extract is used as one of the ingredients of the beverage made by the defendant.

It appears, therefore, that the defendant's acts are a violation of the complainant's trade-name rights in the word "Hires."

A decree may be prepared in conformity with this opinion.