## WESTMINISTER LAUNDRY COMPANY, Respondent, v. HESSE ENVELOPE COMPANY, Appellant.

St. Louis Court of Appeals, May 6, 1913.

1. **TRADE-MARKS AND TRADE-NAMES: Infringement of Trade-Mark.** The infringement of a trade-mark consists of the unauthorized use or colorable imitation of it upon substituted goods of the same class as those for which the mark has been appropriated.

2. ———: ———. It is essential to the existence of a right of action for infringement of a trade-mark that the plaintiff have an exclusive proprietary right in it and that it had been in actual use as a means of identifying the origin, ownership or manufacture of the goods of its proprietor, and had been annexed to, and accompanied, the goods to market.

3. ———: **Unfair competition..** Unfair competition consists of passing or attempting to pass upon the public the goods or business of one person as that of another.

4. ———: ———: **"Blind Advertising."** It is not, in every instance, a condition precedent to the right to maintain an action for unfair competition by the use of a word or phrase that the complainant have a proprietary right in such word or phrase, but it is a condition precedent to the exercise of such right that the complainant shall have used such word or phrase in his business, as a means of identifying his product, for a sufficient length of time to establish a repute therefor in the market; and hence, where an advertising agency had contracted with plaintiff laundry company to run a "blind" advertisement for it, by first printing the word "stopurkicken" on billboards and cards, without printing plaintiff's name, until the public's curiosity was aroused, when plaintiff's name was to follow in connection therewith, defendant envelope company's use of the word, before plaintiff's name had been printed in connection therewith, was not unfair competition.

5. ———: **Assignability of Trade-Name: Appropriation of Words in Common Use.** One who has acquired a right to use a word or phrase in connection with his product, under such conditions as would entitle him to protection against the use thereof by another, on the ground of unfair competition, may assign such right, in conjunction with the good will of the

product which such word or phrase identifies; but an advertising agent may not appropriate any word or phrase he chooses and confer on another an exclusive right to use the same by a contract to use it in aid of his business.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED.

*Morton Jourdan* and *George T. Priest* for appellant.

Plaintiff's petition does not state facts sufficient to constitute a cause of action against defendant. The petition does not allege any exclusive proprietary interest in plaintiff of the phrase "Stopurkicken." Reach Co. v. Hardware Co., 155 Mo. App. 412; Asphalt Co. v. Paint Co., 163 Fed. 977.

*Percy Werner, Hugh K. Wagner* and *Edward D'Arcy* for respondent.

NORTONI, J.—This is a suit for damages, in which plaintiff recovered a verdict for one dollar. On this verdict, judgment was given, and defendant prosecutes an appeal therefrom.

All of the relevant facts appear from the face of the petition, and the question of liability is to be determined thereon. It appears that the plaintiff, the defendant and the D'Arcy Advertising Company are each corporations engaged in their respective callings in the city of St. Louis. Plaintiff owns and is engaged in the business of operating a steam laundry. Defendant is engaged in the business of manufacturing envelopes. The D'Arcy Advertising Company is engaged in the advertising business—that is to say, it places advertisement in St. Louis for those who choose to patronize it. The plaintiff laundry company engaged the D'Arcy Advertising Company to do certain

advertising for it by running what is known as a "blind" advertisement. Such "blind" advertisement is described in the petition as follows:

"The fundamental idea of same (the 'blind' advertisement) being the use of some striking device well adapted to attract public attention, but unaccompanied, upon its first appearance, by the name of the advertiser using it, other matter, being added later and the name of the advertiser, also, being given when the curiosity of the public had been sufficiently piqued and the attention of the public has been excited by the 'blind' nature of the advertisement."

The striking device referred to in the quotation from the petition and that contemplated in the instant case is the word "Stopurkicken." The petition avers that plaintiff entered into a contract with the D'Arcy Advertising Company whereby it was to have the exclusive use of the word "Stopurkicken;" that the D'Arcy Advertising Company, in pursuance of plaintiff's plan, had the word "Stopurkicken" published upon signboards and by way of printed cards. After the word "Stopurkicken" had been so used and before plaintiff had time to determine upon a proper supplement to such advertisement to disclose its own name and identity, the defendant, Hesse Envelope Company, well knowing the word "Stopurkicken" was being used in the manner mentioned and desiring to take advantage of the word "Stopurkicken," as above described, printed and distributed throughout the city of St. Louis a large number of cards bearing the word "Stopurkicken" and followed by the name of the Hesse Envelope Company. Because this use of the word by defendant, Hesse Envelope Company, plaintiff avers it is damaged and prays a recovery therefor.

It is said the word "Stopurkicken" is an attractive misspelling and contraction of the phrase "Stop your kicking," designed to excite public curiosity. It is obvious the petition states no cause of action against

defendant unless the word "Stopurkicken" is either a trade-mark in which plaintiff enjoys a proprietary right, or is possessed of a secondary meaning, which, by user, has become a part of the good will of plaintiff's business, otherwise the word is *publici juris* and available to every person desiring to employ it identically as is the original phrase of which it is a contraction. (From the affirmative averments of the petition, it is entirely clear plaintiff enjoyed no trade-mark in the word under consideration.) Indeed, the cause does not proceed upon that theory. Plaintiff is engaged in the laundry business, which, of course, is that of washing and ironing for others. There is no suggestion in the petition that the word "Stopurkicken" was in any manner annexed to plaintiff's wares or the output of its laundry. Infringement of a trade-mark consists in the unauthorized use or colorable imitation of it upon substituted goods of the same class as those for which the mark has been appropriated. [38 Cyc. 741.] The petition reveals that plaintiff had not yet employed the word in any manner so as to identify it with its business, for it says, though a contract had been entered into between plaintiff and the D'Arcy Advertising Company for the use of the word and it had been employed in blank space on signboards and on cards, plaintiff had not yet revealed its identity in connection therewith. Defendant is engaged in the manufacture and sale of envelopes and used the word on an advertising card followed immediately by the name Hesse Envelope Company. These facts appearing as they do in the petition, sufficiently disclose that no proprietary right as in trade-mark existed in the plaintiff in respect of the word "Stopurkicken." Not only must an exclusive proprietary right appear in the trade-mark but the actual use of the trade-mark is essential as a means of identifying the origin, ownership or manufacture

of the goods of its proprietor, and, furthermore, such trade-mark must be annexed to and accompany the goods into the market to the end of their identification. [See Grocers Journal Co. v. Midland Publishing Co., 127 Mo. App. 356, 366, 105 S. W. 310; 38 Cyc. 691, 693.] Unless the word or insignia relied upon is in some manner attached or affixed to the article in trade or stamped or inscribed thereon, it is not a trade-mark and the maker of such article is without trade-mark rights concerning it. [See Oakes v. St. Louis Candy Co., 146 Mo. 391, 48 S. W. 467; St. Louis Piano Mfg. Co. v. Merkel, 1 Mo. App. 305.] It is entirely clear that defendant, in using the word "Stopurkicken" in connection with advertising its envelopes, was not infringing upon plaintiff's laundry business, for the wares or commodities of the two companies are entirely dissimilar. But aside from this, it appears affirmatively that the plaintiff had never used the word in connection with the output of its laundry. It had, therefore, obtained no proprietary right thereto by continued use through affixing it to the workmanship of its laundry turned out into the market.

For the same reasons, in part at least, no secondary right to the use of the phrase appears in plaintiff by user such as is essential to render it a portion of the good will of its laundry business as if reputation obtained thereon. It is certain that the case may not be sustained as one for unfair competition. Unfair competition consists in passing off or attempting to pass off upon the public the goods or business of one person as and for the goods or business of another. [See Cyc. 756.] Nothing less than conduct tending to pass off one man's goods or business as that of another will constitute unfair competition, for such is the very essence of the wrong on which the law affords redress to the injured party. [See Elgin National Watch Co. v. Illinois Watch Co., 179 U. S. 665, 674, 21 S. Ct. 270,

45 L. Ed. 365; 38 Cyc. 762, 763; 38 Cyc. 758; see, also, Grocers Journal Co. v. Midland Pub. Co., 127 Mo. App. 356, 367, 105 S. W. 310.] The relief, in cases of unfair competition, proceeds upon the theory that the words or phrase employed as by long use in connection with the goods or business of a particular trade come to be understood by the public as designating the goods or business of that particular trader. Because of such user, the word or phrase becomes identified with the business of him who employs it and constitutes a part of its good will. Such meaning of the words or phrase, it is said, is the genesis of the law of unfair competition as distinguished from technical trademark, and, therefore, relief against unfair competition is afforded upon the ground that one who has built up a good will and reputation for his goods or business under a particular designation is entitled to the benefits therefrom. And secondary to this, the theory is that the deception of the public injures the proprietor of the business by diverting his customers and filching his trade. [Grocers Journal Co. v. Midland Pub. Co., 127 Mo. App. 356, 367, 105 S. W. 310; 38 Cyc. 760, 761, 763, 769.]

It is to be observed that, though the right to complain as for unfair competition does not in every instance require that the complainant shall have a proprietary right in the phrase, it does require that he shall have used it in his business as a means of identifying his goods as his product and for a sufficient length of time to establish a repute therefor in the market as pointing his product. [Grocers Journal Co. v. Midland Pub. Co., 127 Mo. App. 356, 367, 105 S. W. 310; Reach Co. v. Simmons Hardware Co., 155 Mo. App. 412, 135 S. W. 503; 38 Cyc. 769, 763.] Unless the word or phrase involved has become a parcel of the good will of his business by continued user in connection with the product of the proprietor, it is entirely clear that the use of the same word by another

does not reveal an unfair competition. [Shelley v. Sperry, 121 Mo. App. 429, 99 S. W. 488.]

The petition shows on its face that plaintiff had never used the word "Stopurkicken" in connection with the output of its laundry, but on the contrary only employed it on billboards and cards otherwise blank, as an attraction to arouse the curiosity of the public with a view of revealing the name of the advertiser (plaintiff) thereafter. It is clear enough that, though defendant interposed and used the same word on cards bearing its name, as it did, no unfair competition appears when considered in the sense of the law on the subject and until plaintiff had obtained a right thereto by actual user in connection with the product of its laundry, the phrase "Stopurkicken" must be regarded as *publici juris* and available to all who desired to employ it identically as was the original phrase "Stop your kicking." It is certain the D'Arcy Advertising Company had no superior right to either the phrase or the contracted word and that it could confer none upon plaintiff by its contract to employ it as a means of arousing the curiosity of the public for plaintiff's benefit. [Reach v. Simmons Hardware Co., 155 Mo. App. 412, 135 S. W. 503.] Though persons who have acquired a right in respect of words and phrases by user as above indicated, may assign or contract such right to another in conjunction with the good will of the commodity, the identity of which they point, it is obvious that an advertising agent may not appropriate any word or phrase he chooses, by merely se... it out of our vocabulary, and confer an exclusive right thereto on another by a contract to employ it in aid of his business. We are advised of no principle of our jurisprudence on which the judgment in this case may be sustained, and the counsel for plaintiff have omitted to file a brief suggesting one. The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.