## K. TAYLOR DISTILLING CO. v. FOOD CENTER OF ST. LOUIS, Inc.

No. 376.

District Court, E. D. Missouri, E. D.

Feb. 14, 1940.

Charles A. Lich and Louis E. Miller, both of St. Louis, Mo., for plaintiff.

Edward K. Schwartz, of St. Louis, Mo., for defendant.

MOORE, District Judge.

The plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and the defendant is a corporation duly organized and existing under the laws of the State of Missouri, and the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs.

The defendant is engaged in the retail grocery, food and liquor business in the City of St. Louis, Missouri, maintaining stores at Broadway and Chippewa Streets, 4341 Warne Avenue, 13th and O'Fallon Streets, Sixth and Franklin Avenue, and 3000 North Union Boulevard.

The plaintiff is engaged in the distilling, bottling and marketing of whiskey, and it sells to the trade in packages one of its brands under the trade-name "K. Taylor Kentucky Straight Bourbon Whiskey Bottled in Bond", and this trade-name, which appears on a label, is posted conspicuously on every bottle of said liquor distributed by the plaintiff.

Said trade-name has been registered in the United States Patent Office, under date of June 20, 1939, under Trade-Mark No. 368,402; the trade-name "K. Taylor" was, under date of July 28, 1939, registered in the Office of the Secretary of State of the State of Missouri as a trade-name to be applied to Kentucky Straight Bourbon Whiskey for both barrel and cases manufactured, prepared and sold by the plaintiff.

The plaintiff is engaged in distributing and selling its whiskey in interstate commerce and has built up a large and prosperous business; it has expended large sums of money in advertising its business and particularly its trade-name "K. Taylor", and in the eastern half of the State of Missouri its sales and distribution are handled exclusively by Dexheimer & Becker Company, a Missouri corporation, in which section said sales agents and distributors have built up a large and lucrative business which is a source of profit to themselves and to this plaintiff.

The defendant maintained in connection with its grocery and food stores aforesaid liquor departments and it advertised for sale and sold various brands of whiskey and other spirituous liquors.

The defendant, during the month of December, 1939, inserted and caused to be inserted, the following advertisement in various newspapers and other publications which have a large circulation in the City of St. Louis and its environs:

"The Buy — ...............of a lifetime
K. Taylor                pt.        89¢
Bottled in Bond          ·    Quart   1.75
Kentucky Bourbon         12 Qts. 20.00"

· Said advertisement, as set out in the above paragraph, was inserted to effect the sale of a brand of whiskey handled and sold by the defendant known as "Old Southern Host" Kentucky Straight Bourbon Whiskey Bottled for Woodford Distillery, Inc., St. Louis, Missouri;" said Woodford Distillery, Inc., is without any license to operate a distillery in the State of Missouri.

After whiskey has remained with a bonded warehouse for a mimimum of four years it may be withdrawn and bottled, but before bottling it is necessary to reduce the proof or alcoholic content of the said liquor to 100 by the addition of water and the quality of the water used and the method of reducing and bottling materially affects the quality and flavor of the whiskey thus bottled and dispensed to the public.

The best method of reduction known to competent distillers is to reduce the alcoholic content with water used in the original distillation, and when a water is used different from that employed in the original distillation the taste and quality of the liquor so reduced is changed.

The liquor bottled under the label "Old Southern Host" was sold under advertisements giving undue prominence to the name "K. Taylor", indicating a representation to the public that the liquor thus sold was the famous K. Taylor Whiskey which was marketed under the registered trade-name "K. Taylor"; and when customers called at defendant's stores in response to said advertisement the "Old Southern Host" brand of liquor was quickly wrapped and represented as being the famous "K. Taylor" brand of liquor.

The defendant has never purchased from the plaintiff any of its K. Taylor brand of whiskey and did not carry the same in stock nor offer it for sale, but it substituted therefor another brand bottled by another distillery, to-wit, Woodford Distillery, Inc., under the trade-name "Old Southern Host".

Immediately upon acquiring knowledge of the publication of the advertisements heretofore set out, representing that the defendant was offering for sale the famous K. Taylor brand of straight bourbon liquor, the plaintiff thereupon dispatched numerous letters and telegrams to the defendant requesting that it desist from the use of the said trade-name and informing the defendant that its advertisements were false and misleading, but notwithstanding said requests upon the defendant to desist from the practice aforesaid, the defendant continued to circulate and publish said false and misleading advertisements in reference

to the said brand of K. Taylor straight bourbon whiskey.

When customers called at the defendant's stores, in response to the advertisements aforesaid, and expressed a desire to purchase "K. Taylor Brand Kentucky Bourbon Bottled in Bond", in accordance with the representations contained in the said advertisements, the defendant's clerks and salesmen in charge of its liquor departments thereupon handed to the purchaser a bottle of Old Southern Host whiskey, face down, so that the label on the front of said bottle was not conspicuous or easily discernible, and in so doing the defendant's clerks and salesmen sought to create the impression that the customer was receiving and the defendant's agents were selling to him the well-known and advertised K. Taylor brand of bourbon whiskey.

■ The actions and conduct of the defendant, as aforesaid, in connection with its advertisements and methods of marketing Old Southern Host whiskey constitute unfair competition in that a product is passed off upon the public and represented to it as being the goods of the plaintiff marketed under its registered trade-name, whereas, in truth and in fact, the goods so sold were not the goods manufactured, bottled and distributed by the plaintiff.

As a result of the false and misleading representations, as aforesaid, fraud has been practiced upon the purchasing public, and as a result of said false and misleading representations by the defendant, the business of the plaintiff has been injured and the plaintiff has been subjected to large and continuing loss of profits, and the actions and conduct on the part of the defendant as aforesaid constitute a deliberate attempt upon its part to take unfair advantage of its good name and high quality of plaintiff's product and to avail itself of vast and expensive advertising outlays heretofore incurred by the plaintiff to acquaint and familiarize the purchasing public with its goods.

Plaintiff's Exhibit "C", which is the trade-mark registration issued by the United States Patent Office, and setting forth a facsimile of the registration indicating that the label is to be used and the trade-mark applied to liquor distilled and bottled by The K. Taylor Distilling Company, and the advertising and methods of selling Old Southern Host liquor under the name "K. Taylor" are violations of the United States Trade-Mark registration which covers liquor distilled and bottled by The K. Taylor Distilling Company, and constitute unfair trade practices.

■ The allegations of the bill of complaint contained and the evidence offered in support thereof were sufficient to sustain a violation of the Federal and Missouri registered trade-marks and practices which in themselves have been held to constitute unfair competition. Luyties v. Hollander, C.C., 21 F. 281; Hanover Star Mill Co. v. Allen & Wheeler Co., 7 Cir., 208 F. 513, L.R.A.1916D, 136, affirmed, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; Westminster Laundry Co. v. Hesse Envelope Co., 174 Mo.App. 238, 156 S.W. 767; LoBuono v. V. Viviano & Bros. Macaroni Mfg. Co., 197 Mo.App. 618, 198 S.W. 498.

■ Any conduct, the natural and probable tendency and action of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition. 38 Cyc. 53; Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19, 21 S.Ct. 7, 45 L.Ed. 60; Weber Medical Tea Co. v. Kirchstein, C.C., 101 F. 580; Lavanburg v. Pfeiffer, 23 Misc. 577, 52 N.Y.S. 801.

■ Where a personal name has become the trade-mark for particular goods, another person of the same or similar name may not use such name as the trade-mark for similar goods or in such a way as to cause his goods to be known and called for in the market by the same name as his rival's goods, already known to and called for by the purchasing public. McLean v. Fleming, 96 U.S. 245, 246, 24 L.Ed. 828.; Bates Manufacturing Co. v. Bates Numbering Machine Co., C.C., 172 F. 892; 38 Cyc. 812, 846, 847; Ralston Purina Co. v. Checker Food Products Co., Mo.App., 80 S.W.2d 717.

■ Where one is about to imitate, it is firmly established that he should be held very strictly to the requirements of distinguishing his goods from the original, and any doubt must be resolved against him. Hiram Walker & Sons v. Grubman et al., D.C., 224 F. 725; Auto Acetylene Light Co. v. Prest-o-lite Co., 6 Cir., 264 F. 810; Winterton Gum Co. v. Autosales Gum & Chocolate Co., 6 Cir., 211 F. 612; Chickering v. Chickering & Sons, 7 Cir., 215 F. 490.

■ The primary object of the law of unfair competition is for the protection of the individual consumer. Electric Auto-Lite Co. v. P. & D. Mfg. Co., 2 Cir., 78 F.2d 700.

Equity will enjoin use of trade-mark or trade-name identical with corporate name or so closely resembling it as to be likely to produce confusion to corporation's injury. Certain-Teed Products Corp. v. Philadelphia & Suburban Mortgage Guarantee Co., 3 Cir., 49 F.2d 114; Motor Improvements Co. v. A. C. Spark Plug Co., 6 Cir., 80 F.2d 385, 386, certiorari denied, 298 U.S. 671, 56 S.Ct. 939, 80 L.Ed.1394.

Trade-marks respecting established brands of liquor have been previously protected and upheld. Rock Springs Distilling Co. v. W. A. Gaines & Co., 246 U.S. 312, 38 S.Ct. 327, 62 L.Ed. 738.

Injunctions have been granted in many similar cases, some of which are practically identical with the facts in the present case. Coca-Cola Co. v. J. G. Butler & Sons, D.C., 229 F. 224; Krauss v. Jos. R. Peebles' Sons Co., C.C., 58 F. 585; Charles E. Hires Co. v. Xepapas, C.C., 180 F. 952; Hennessy v. White, 6 Wyatt, W. & A'B. Equity 216-221; Coca-Cola Co. v. Bennett, 8 Cir., 238 F. 513, 518.