**MAKO MARINE, INC., Plaintiff,**

**v.**

**MAKO, INC., Defendant.**

**Civ. No. 70–1008.**

United States District Court,
S. D. Florida.
May 24, 1971.

**178**

Tew & Tew, Miami, Fla., for plaintiff.

Arthur L. Willner, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FAY, District Judge.

This cause was tried by the Court on March 23, 1971 through March 25, 1971. Plaintiff claims trademark infringement and unfair competition and seeks to enjoin the Defendant's use of the name Mako in connection with the sale of boats and marine products. Defendant counterclaimed alleging trademark infringement and unfair competition and sought to enjoin the plaintiff from the use of the name Mako in connection with the sale of boats and marine products. The Court directed a verdict in favor of the Plaintiff on Defendant's counterclaim at the close of the Defendant's case.

This Court has jurisdiction of the cause pursuant to Title 28, United States Code, Section 1338. Both parties agreed to strike their respective prayers for damages at the pretrial conference and the matter went to trial solely on the requests for an injunction. The Plaintiff is a corporation organized and existing under the laws of the State of Florida and was incorporated on April 13, 1967. The defendant is a corporation organized and existing under the laws of the State of Florida and was incorporated on June 23, 1966.

It appears both from the stipulated facts and those established during the trial that the Plaintiff and the Defendant began using the name Mako in connection with the manufacturing and marketing of boats at approximately the same time. The Plaintiff's business began with the design and manufacture of a 25 foot boat which was completed in April of 1967 and to which the word "Mako" was affixed to the stern. In June, 1967, the Plaintiff offered for sale an outboard sportsfishing boat which was nineteen (19) feet in length. The word "Mako" was affixed to the hull of these boats. The Plaintiff began advertising its product nationally in the summer of 1967. In September of 1967, the Plaintiff delivered its first boat to a customer in Florida; this boat being the 19 foot outboard fishing model. Thereafter, the Plaintiff's business grew steadily. By January of 1968, the Plaintiff had sold and delivered 15 boats to customers in Florida. As of August, 1968, the Plaintiff had sold and delivered 138 boats to customers in Florida, in other states and in foreign countries. The Plaintiff has sold and delivered in

intrastate, interstate and international commerce a total of more than 1,860 boats by March, 1971.

The word "Mako" with the fanciful letter "M" was affixed to all of the boats manufactured and sold by the Plaintiff. In addition, the numbers "17", "19" and "22", denoting the length of the boat, have appeared after the word "Mako" on the later models. With the exception of the original 25 foot boat, the Plaintiff's boats can best be described as an open sportsfishing boat. The boats are 17 to 22 feet in length, with a casting platform, center console and can be fitted with an outboard motor or various inboard-outdrive arrangements.

The Plaintiff filed an application to register the trademark "Mako", together with a drawing of a shark, with the Secretary of State of the State of Florida on September 1, 1967. The Secretary of State for the State of Florida registered the trademark and design under "Classification 19, Vehicles, Boats" on September 6, 1967. Since 1967, the Plaintiff has advertised its boats under the name "Mako", with the fanciful "M" design, continuously and extensively in newspapers throughout the United States. The Plaintiff has established an excellent reputation in the field of open sportsfishing boats. It first offered a 17 foot outboard fishing boat called the "17 Angler" in February, 1969; the first 17 foot outboard being completed in August, 1969.

A great deal of the time in trial was spent in the introduction of evidence concerning the validity of Plaintiff's federally registered trademark. Evidence was also presented concerning the trademark Plaintiff has registered with the State of Florida. This Court makes no finding as to the validity of either, as the rights of the parties to this cause do not turn on these registrations, but rather on the establishment of a common law trademark in the sale of their products.

At the same time the Plaintiff was building its reputation in the sale and manufacturing of fishing boats, the Defendant was building a business based on the sale of another type of boat. The Defendant's business began with the renting of boats to various resort hotels on Miami Beach. These boats were approximately 8 to 12 feet in length, with a sealed hull and seated one to two individuals. The boats were for use in the beach surf and can best be described by their name "Surfskimmer". Although the Defendant incorporated under the name Mako, Inc., in June of 1966, these boats were offered to the public under the name of "Surfskimmer" in 1966 and 1967. In January, 1968, the Defendant began attaching manufacturer's serial identification tags on the inside of the cockpit of the boats; these tags bore the name "Mako, Inc." and gave the address of the defendant.

The Defendant began placing oval plates, bearing the name "Mako Shark" and containing a representation of a shark, on the outside of its boats. The "Mako Shark oval" was affixed to the boats until sometime after February, 1970. The Defendant replaced this oval with one bearing the words "Mako, Inc." over the representation of a shark in February of 1970.

In February, 1970, the Defendant began offering for sale a sixteen and one-half (16½) foot outboard open sportsfishing boat, referred to in the Defendant's advertising literature as the "Seasport". Shortly thereafter, the Defendant offered a modified version of the boat which he named the "Angler 17". Both of these open sportsfishing boats had an oval plate affixed bearing the name "Mako, Inc.". It was at this time that the confusion of the Plaintiff's and the Defendant's products first arose.

Both parties to this law suit have established a common law trademark in the word "Mako". The right to a trademark accrues from its actual use; that is to say, the repeated use of the name, pictorial representation or both in

connection with the sale of the particular product. The name, symbol, or both, creates a trademark after such has become identified with a particular product in the mind of the consumer. Esso, Inc. v. Standard Oil Co., 98 F.2d 1 (CCA 8th, 1938); Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 (1916); Pacific Supply Co-op v. Farmers Union Cent. Exchange, Inc., 318 F.2d 894 (CA 9th, 1963). A trademark is inseparable from the good will of the business with which it is identified. The exclusive right to the use of the trademark is limited to the class of goods which it has come to represent.

In the matter before the Court the name "Mako" has become identified with boats. In an analogous situation the Court of Appeals for the Seventh Circuit was presented with a case in which both parties were claiming the right to a trademark in connection with the sale of lamps, Mantle Lamp Co. of America v. Aladdin Mfg. Co., 78 F.2d 426. In recognizing that the word "lamp" stands for a variety of products the Circuit Court stated, "The term 'lamp' is a general one describing any number of instruments, vessels, or devices for the furnishing of artificial light." As with the word lamp, the word boat can stand for any number of various items which float and upon which people and objects may transverse waters.

Similar confusion concerning trademarks for general products has arisen in connection with the sale of bottles, Walgreen Drug Stores v. Obear-Nester Glass Co., 113 F.2d956 (CA 8th, 1940), hats, Adam Hat Stores, Inc., v. Lefco et al., 134 F.2d 101 (CA 3, 1942), furnaces, Holland Furnace Co. v. New Holland Machine Co., 24 F.2d 751 (D.C.E.D. Penn., 1927), peanuts, Ye Olde Tavern Cheese Products Inc., v. Planters Peanuts Division, 261 F.Supp. 200 (D.C.E.D. Ill., 1966), rings, Gold Master Corp. v. Miller, 380 F.2d 128 (CA 2nd, 1967) and food, Dwinell-Wright Co. v. National Fruit Product Co., Inc., 140 F.2d 618 (CCA 8th, 1944).

█ In this case both parties are manufacturing and selling boats under the name "Mako". Prior to the introduction of the Defendant's "Angler 17", the only similarity between the products of the Plaintiff and those of the Defendant was the word "boat". A comparison between the Plaintiff's sportsfishing boat and the Defendant's surfskimmer can be equated with comparing a dune buggy and a limousine. As to the former, both fall under the general category boats; as to the latter, both fall under the general category cars. It is possible for two manufacturers to create trademarks for a particular type of product under the same general classification without creating confusion in the mind of the consumer. This is "boats are not boats."

It is not clear from the evidence presented when each of the parties to this law suit became aware of the other's use of the name Mako. However, it is apparent that even after the parties were aware of the conflict both continued to use the name in good faith, each feeling that it was rightfully utilizing its trademark.

As in the cases cited above, the Court is faced with problem of overlapping and confusion in a trademark when neither user can be considered a wrongdoer. Under the circumstances, both parties would be justified in continuing the use of the name "Mako" freely; however, the Court's responsibility in a trademark confusion case goes beyond merely determining the rights of the parties involved. Rosenberg Bros. & Co. v. Elliott, 7 F.2d 962 (CA 3rd, 1925); K. Taylor Distilling Co. v. Food Center of St. Louis, 31 F.Supp. 460 (D.C.E.D. Mo., 1940); Stahly, Inc., v. M. H. Jacobs Co., Inc., 183 F.2d 914 (CA 7th, 1950); A. E. Staley Mfg. Co. v. Staley Milling Co., 253 F.2d 269 (CA 7th, 1958).

█ In this case the confusion resulting in a trademark infringement arose when the Defendant began marketing the "Angler 17". Many pictorial exhibits were presented at trial showing the Plaintiff's "17 Angler" and the Defend-

ant's "Angler 17." It is clear from a review of this evidence that even a sophisticated boating consumer would be confused as to the manufacturer of the product. The Court has a duty to protect the public from confusion arising out of similar trademarks. The test of infringement is whether or not the ordinary purchasers, exercising caution, would be confused or misled. Coca-Cola Co. v. Carlisle Bottling Works, 43 F.2d 101 (D.C.E.D.Ky. 1929); McGraw-Hill Pub. Co., Inc. v. American Aviation Associates, Inc., 73 App.D.C. 131, 117 F.2d 293 (1940); California Fruit Growers Exch. v. Windsor Beverages, 118 F.2d 149 (CA 7th, 1941); K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54 (CA 9th, 1969); Pepsico, Inc. v. Grapette Company, 416 F.2d 285 (CA 8th, 1969).

The confusion, from which the public must be protected, will not arise if the parties to this suit do not manufacture and market similar or identical products. The Plaintiff has developed an excellent reputation for the manufacture of open sportsfishing boats from seventeen to twenty-five feet in length. It has preempted the right to use of the name "Mako" in this area.

The Defendant has developed a market and trademark for the manufacture of the surfskimmer from approximately eight to twelve feet in length. It has preempted the right to the use of the name "Mako" in this area. Thus each party to this case has created a common law trademark in the name "Mako" in connection with the marketing of its particular product.

The Plaintiff has never manufactured or sold a boat that is in any way similar to the Defendant's product. The Court was not faced with any problem of conflict or confusion in this area and, therefore, denied the Defendant's counterclaim for an injunction.

The trademark infringement in this matter arose with the Defendant's manufacture of an open sportsfishing boat. It is the Defendant's "Angler 17" sold in conjunction with the name "Mako" which infringes on the Plaintiff's right to the use of the name "Mako".

The Defendant is enjoined from infringing on the Plaintiff's common law trademark. It is enjoined from any future manufacturing, marketing, selling and advertising of a boat which can best be described as an open sportsfishing boat between seventeen to twenty-five feet in length in connection with the word "Mako".

Final Judgment shall be entered accordingly.